JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Scott Buckhannon appeals his maximum sentence. For the reasons below, we affirm.
 {¶ 2} Between January 17 and April 2, 2001, Buckhannon obtained over $30,000 from an eighty-two-year-old woman. Buckhannon befriended her and then began asking for large sums of money. He made up stories about having five small children and needing money to pay funeral expenses for relatives. As a result of Buckhannon's constant requests for money, she became fearful and installed "caller ID." She moved into an assisted living facility for a period of time because she was afraid to be alone; she lost weight and sleep as a result.
 {¶ 3} Buckhannon was indicted for theft of property with a value greater than $5,000 but less than $100,000, with an elderly specification. He pled guilty, and the trial court sentenced him to the maximum term of five years.
 {¶ 4} Buckhannon raises the following assignment of error on appeal:
 {¶ 5} THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO THE MAXIMUM TERM OF INCARCERATION.
 {¶ 6} Buckhannon disputes the trial court's compliance with the statutory sentencing requirements in imposing the longest sentence for theft with an elderly specification, a third degree felony.
 {¶ 7} Applying a clear and convincing standard in reviewing Buckhannon's sentence, we conclude that the trial court followed the mandates of R.C. 2929.14, specifically as this statute refers to the imposition of maximum sentences.
 {¶ 8} R.C. 2929.14(C) provides:
 {¶ 9} The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense * * *.
 {¶ 10} The trial court made the requisite category finding by stating on the record that Buckhannon committed the worst form of the offense.
 {¶ 11} In addition to the required category finding under R.C.2929.14(C), the sentencing judge must provide for the record the reasons for said category finding. See State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-110; State v. Gonzalez (Mar. 15, 2001) Cuyahoga No. 77338. Reasons should mean the trial court's basis for its findings.Gonzalez.
 {¶ 12} Here, the trial court set forth its reasons for finding that Buckhannon committed the worst form of the offense. In determining that Buckhannon committed the worst form of the offense, the trial court stated:
 {¶ 13} I find that you did commit the worst form of the offense, as you committed against an elderly person and stole approximately $30,000. * * * I find, based upon your criminal history, that the likelihood for you to re-commit further crimes is great and that you pose a great threat to the public safety and welfare; that you have been placed on probation in the past and you've been to prison in the past and these actions still have not stopped you from committing theft offenses, again, against elderly people. I believe I've given the sufficient reasons to incarcerate you for the maximum period under the law, which is a five-year prison sentence.
 {¶ 14} In addition to these summary statements, the trial court described in detail the offense in question during the sentencing hearing. It noted that Buckhannon gained the trust of the victim and then violated that trust by lying to her and using his position to influence her to give him thousands of dollars. Buckhannon caused the victim financial, emotional, and psychological harm, causing her to lose weight and move into a rest home.
 {¶ 15} We find that the trial court followed the statutory mandates in sentencing Buckhannon to a maximum prison term for theft with an elderly specification. Accordingly, we overrule Buckhannon's assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and JAMES J. SWEENEY, J. CONCUR